UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN DROEGE, an individual, and
KWENCH JUICE DETROIT LLC, a
Wyoming Limited Liability Company,

    Plaintiffs,

v.

KWENCH JUICE FRANCHISING INC., a
Massachusetts corporation, and
CHRISTOS GREGORIS, an individual,

    Defendants.
_____ /

Case No. 23-12090

F. Kay Behm
United States District Judge

**ORDER GRANTING PLAINTIFFS' MOTION TO
<u>CONFIRM ARBITRATION AWARD (ECF No. 12)</u>**

This case is before the court on Plaintiffs Steven Droege and Kwench Detroit, LLC's ("Plaintiffs") motion to confirm the arbitration award entered by the Arbitrator on March 8, 2024 (the "Final Award"). (ECF No. 12). Plaintiffs filed their initial complaint against Defendants Kwench Juice Franchising, Inc. and Christos Gregoris ("Defendants") on August 15, 2023, bringing claims for breach of contract (Count I), violations of the Michigan Franchise Investment Law (MFIL) (Count II), and violations of the Stored Communication Act (Count III). (ECF No. 1). On August 16, 2023, Plaintiffs filed an emergency motion for a temporary

1

restraining order and preliminary injunction, but withdrew this motion on August 18, 2023. (*See* ECF Nos. 4, 5).

On September 22, 2023, the court entered an Order consistent with the parties' stipulation that this case must "be arbitrated in Michigan under the written agreement of the parties and stayed pending entry of a final arbitration award." (ECF No. 11, PageID.135). The case was presented before an Arbitrator, Gene Esshaki, on March 5 and 6, 2024. (ECF No. 12, PageID.145). On March 8, 2024, the Arbitrator rendered a Final Award. (ECF No. 12-4, Final Award of Arbitrator). The Arbitrator found that Defendants "have admitted to violations of the Michigan Franchise Act establishing their liability to Claimants." *Id.*, PageID.177. Based on this admission, the Arbitrator awarded Plaintiffs the following:

1. **Recission**. The franchise agreement dated December 19, 2022 between Claimants and Respondents is hereby rescinded in its entirety effective 30 days from the date of this Award.
2. **Damages.** Claimants shall jointly and severally recover against Respondents, jointly and severally, each of the following:
   a. **Compensable Damages.** The total sum of Four Hundred Thousand Dollars ($400,000.00).
   b. **Legal Fees.** The total sum of Sixty Thousand Dollars ($60,000.00).
   c. **Costs.** All costs incurred by Claimants in the form of filing fees to the American Arbitration

>      Association in the amount of $12,325.00,
>      together with Claimant's share of the Arbitrator's
>      fees in the amount of $6,000 for a total cost
>      award of $18,325.00.
>  d. **Interest.** Pursuant to the statute, Claimants shall
>     also recover interest on all sums set forth above
>     from the date of filing the Demand at the
>     statutory rate of 12% per annum, simple interest.

*Id.*, PageID.178.

Plaintiffs' motion now argues that "Defendants have refused to pay the Final Award voluntarily" and asks the court to confirm the Final Award and enter a judgment in their favor. (ECF No. 12, PageID.147-48). The Federal Arbitration Act (FAA), 9 U.S.C. §§ 9-11, provides for expedited judicial review to confirm, vacate, or modify arbitration awards. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 578 (2008). Pursuant to § 9, "a court 'must' confirm an award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." *Id.* (citing 9 U.S.C. §§ 9-11). Under § 10, an award may be vacated by a district court if it was procured by "corruption, fraud, or undue means," where "there was evident partiality or corruption in the arbitrators," "the arbitrators were guilty of misconduct in refusing to postpone the hearing…or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced," or "the arbitrators exceeded their

3

powers…" 9 U.S.C. § 10.  Additionally, § 11 allows a district court to make an order modifying or correcting the award where "there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to," "the arbitrators have awarded upon a matter not submitted to them," or "the award is imperfect in matter of form not affecting the merits of the controversy."  9 U.S.C. § 11.

Here, neither party has argued the court should modify or vacate the Final Award based on any of the factors listed in §§ 10 or 11 of the FAA.  Rather, Defendants' only objection to the Final Award is that its language allowing for recission of the franchise agreement "30 days from the date of this Award" means it is "executory, not final, [and] cannot be confirmed."  (ECF No. 13, PageID.182).  However, it has now been over 30 days and, even if the award's finality was conditioned on the recission of the franchise agreement, it is now final.  Because the parties have not presented any evidence to the court suggesting anything to the contrary, the court confirms the award pursuant to § 9 of the FAA and Plaintiffs' motion is **GRANTED**.  Because this case was stayed on the court's docket "pending entry of a final arbitration award," the stay is now lifted and this case is **DISMISSED.**  This is a final order and closes this case.

**SO ORDERED**.

Date: April 17, 2024                                    s/F. Kay Behm
                                                        F. Kay Behm
                                                        United States District Judge